UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT GERMACK : | |
| : | |
| PLAINTIFF, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO: 22 CV- |
| PROVIDENT LIFE AND ACCIDENT : | |
| INSURANCE COMPANY d/b/a UNUM : | JURY TRIAL DEMANDED |
| : | |
| DEFENDANT. : | |

## PLAINTIFF'S COMPLAINT

Plaintiff, Robert Germack, by and through his undersigned counsel, herein brings a civil action seeking payment of long-term disability benefits, and other equitable relief, and in support thereof avers as follows:

1. Plaintiff, Robert Germack, is an adult individual and citizen of the State of Delaware, with a mailing address of 198 North Star Road, Newark, DE 19711.

2. Defendant, Provident Life and Accident Insurance Company d/b/a Unum, (hereinafter "Unum"), is upon information and belief an insurance company licensed to do business in the State of Delaware.  Upon information and belief, Unum's principal mailing address for purposes of effectuating service of process is, P.O. Box 9548, Portland, ME 04122-5058.

3. At all material times hereto, Defendant Unum has been engaged in the business of issuing policies of insurance to the State of Delaware public and is therefore subject to the laws and regulations of the State of Delaware.

4. As an entity engaged in the business of insurance within the State of Delaware, Defendant Unum, its officers, directors, agents and employees are therefore subject to the laws and regulations of the State of Delaware. As such, Defendant Unum, its agents, servants and employees, its staff adjusters and those independent adjusters that it has retained, are charged with the knowledge of those laws and regulations as they relate to the adjustment of first party disability insurance claims.

5. Jurisdiction is proper in this matter under Title 28, United States Code, Section 1132, in that there is complete diversity of citizenship among the parties, and the amount at issue is in excess of $75,000, exclusive of costs and interest.

6. Venue is proper in this matter pursuant to Title 28, United States Code, Section 1391(a), in that at all times material hereto, Plaintiff is a citizen of the State of Delaware.

7. At all times material hereto, Defendant acted by and through its agents, servants, and employees who acted within the scope of their authority from Defendant.

### **The Policies**

8. The allegations in paragraphs 1 through 7 are incorporated herein by reference as if fully set forth herein.

9. On or about August 4, 1995, Mr. Germack purchased an Individual Disability Insurance policy from Provident Life and Accident Insurance Company, and was assigned policy number 06-29711-6126807. The policy provided a benefit for total and/or residual disability of up to $3,060 a month. Disability benefits remain payable under the policy to age 65 years and 10 months.. This policy remains in force.

10. Upon information and belief, the policy provided a benefit for total and/or

residual disability of up to $3,060 a month.  Disability benefits remain payable under the policy to age 65 years and 10 months.

11.     Upon information and belief, subsequent to the effective dates of the aforementioned policies, Unum merged and or consolidated with Provident Life and Accident Insurance Company (Provident).  At all material times, Mr. Germack has paid monthly premiums on all of the aforementioned Policy to Provident, and then subsequently to Unum.  From hereinafter, the insurer (defendant) will be referred to as "Unum."

12.     The aforementioned Policy define "Total Disability" as follows:

> ***Total Disability*** *or **totally disabled** before benefits have been paid for two years for a period disability, means that due Injuries or Sickness"*
>
> *1.     you are not able to perform the substantial and material duties of your occupation; and*
>
> *2.     you are receiving care by a Physician which is appropriate for the condition causing the disability.  We will waive this requirement when continued care would be of no benefit to you.*

13.     At all material times hereto, Mr. Germack's Own Occupation was as a Nuclear Plant Project Manager.

**Background Facts and Procedural History**

14.     The allegations contained in paragraphs 1 through 13 above are incorporated herein by reference as though fully set forth at length herein.

15.     At all times material hereto, Mr. Germack was engaged in his Own Occupation practicing Nuclear Plant Project Manager.

16. As set forth hereinafter, for the past several years, Mr. Germack has suffered from multiple syncopal episodes, causing several falls without warning and resulting in head injuries. Mr. Germack's *Own Occupation* as a Nuclear Plant Project Manager required that he work in temperatures in excess of 100 degrees; with job duties requiring that he climb, crawl kneel and spend considerable time in high heights and high temperatures for up to 30 work-days at a time.

17. In July 2020, and after several syncopal incidents and resulting falls, Mr. Germack and his treating physicians deemed that by continuing to work, he was unreasonably exposing himself to a hazardous health and safety risk. On or about July 8, 2020, Mr. Germack ceased working and thereafter placed a claim for disability benefits. As the medical records reflect herein, Mr. Germack remains totally disabled and unable to re-engage in his Own Occupation.

18. Mr. Germack timely applied for long term disability benefits pursuant to the aforementioned policies.

19. Via letter dated January 20, 2021, Unum informed Mr. Germack that his claim for long-term disability benefits was being denied.

20. Mr. Germack timely appealed Unum's decision to deny his long-term disability claim.

21. Via letter dated August 12, 2021, Unum upheld its decision to deny Mr. Germack's long-term disability benefits.

22. On or about November 8, 2021, Mr. Germack, through counsel appealed Unum's decision to deny benefits.

23. Via letter dated December 7, 2021, Unum upheld its decision.

24. Following Unum's most recent denial of Mr. Germack's appeal, Mr. Germack through the undersigned counsel timely filed the instant civil complaint.

25. Mr. Germack continues to receive reasonable medical treatment for his disabling conditions, all of which, to date, have been timely provided to Unum.

## COUNT I - BREACH OF CONTRACT

26. The allegations in paragraphs 1 through 250 are incorporated herein by reference as if fully set forth herein at length.

27. The express written terms of the Policy provides that disability payments would be payable to Mr. Germack upon his disability due to illness if Mr. Germack could not perform the material and substantial duties of his Regular Occupation.

28. As set forth hereinabove, since July 2020 and all material times thereafter, as the result of Mr. Germack's syncopal episodes, unexplained falls and fainting spells, and head and cognitive injuries, Mr. Germack has at all times since been unable to perform the material and substantial duties of his regular occupation as Nuclear Plant Project Manager.

29. Defendant was provided with all of the aforementioned and relevant medical records, as part of his claim, and then appeal for disability benefits.

30. At all material times hereto and as set forth above, Mr. Germack has continued to provide defendant with medical and other documentation supporting and confirming his ongoing disability status, as per the terms of the aforementioned Policy.

31. In denying Mr. Germack's claim, the defendant's review was biased and selective; ignored the opinions of Mr. Germack's treating medical specialists, and misstated medical evidence in a manner intended to benefit defendant financially.

32. Upon information and belief, the defendant violated their contractual obligations to their insured in denying a valid and fully supported claim for benefits. In doing so, they breached their contractual obligation by:

    a) *Ignoring the weight of medical evidence;*
    b) *Failing to perform a full, fair and unbiased review of the medical evidence;*
    c) *Failing to have Mr. Germack examined by a fair and qualified medical professional, despite questioning the nature and extent of his conditions and symptoms;*
    d) *Performing a manifestly biased and selective review of the medical evidence; and*
    e) *Ignoring or distorting the opinions of Mr. Germack's treating physicians, in favor of inconclusive or unsupported findings offered solely by its own employees and hired, paper reviewing and defense physicians.*

33. As set forth hereinabove, the defendant improperly denied Mr. Germack his disability benefits under his policy without reasonable basis and based upon faulty, flawed, insufficient and defective information.

34. Defendant has unreasonably failed to pay total benefits due under his policy to the present.

35. As a consequence of defendant's pattern and practice of deliberate repudiation of its contractual obligations, Mr. Germack has been deprived of his contractual rights to receive total disability benefits payable under his policy of insurance.

36. As a further consequence of its breach of its contractual and legal obligations, defendant has been unjustly enriched to the substantial detriment of its insured, Mr. Germack.

37. As a further consequence of defendant's breach of its contractual and legal obligations, Mr. Germack has incurred and will continue to incur a loss of income, including counsel fees, litigation costs and expenses, loss of use of benefits payable and associated interest

payments.

38.     At all relevant times herein, Mr. Germack has continued to make claim for monthly disability benefits under his disability policy, and is still owed disability benefits for the period of time between July 2020 (following the elimination period) and the present.

**WHEREFORE**, Robert Germack demands judgment in his favor and against Defendant, for compensatory damages in the full amount of benefits as provided in the Policy as stated herein, commencing from the end of the elimination period following the date of disability, and continuing for the duration of Mr. Germack's disability as per the terms of the Policy, plus remuneration of all applicable attorneys' fees, expenses, costs, interests and other damages allowable by law.

>    **Respectfully Submitted,**
>    **ROSEN MOSS SNYDER LLP**
>
>    ___/s/ Marc H. Snyder_____
>    **MARC H. SNYDER, ESQUIRE**
>    Attorney for Plaintiff, Robert Germack